UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DONALD W. MARVIN,** :
:
:
**Petitioner,** :  CIVIL NO. 3:CV-03-0956
:
v. : (JUDGE CAPUTO)
:
**FREDERICK MENIFEE, et al.,** :
:
**Respondents.** :

# M E M O R A N D U M

**I.   Introduction.**

Petitioner, Donald W. Marvin, an inmate at the Federal Correctional Institution in Otisville, New York, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1). In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), an Order was issued advising the Petitioner that: (1) he could have the document ruled on as filed, or (2) withdraw his petition and file one, all-inclusive § 2254 petition. Petitioner responded by submitting a Notice of Election in which he opted to have his petition considered as filed. Respondents have filed an answer and a memorandum in opposition to the petition, together with exhibits, as well as a supplemental memorandum of law, and Petitioner filed a traverse. Also pending is Petitioner's motion for summary judgment. The petition and the motion are presently ripe for disposition. For the reasons that follow, the petition and the motion for summary judgment will be denied.

## II.     Background.

The following background has been extracted from the Pennsylvania Superior Court opinion addressing the Petitioner's appeal from sentence (Doc. 21 at 45, Opinion of the Pennsylvania Superior Court dated June 11, 2002).

> On September 18, 1996, [Petitioner], who was driving without his vehicle's headlights on after dark and without a valid driver's license, led Pennsylvania State Police Officers on a high speed chase.  Appellant was eventually apprehended and charged with various offenses [recklessly endangering another person, exceeding the maximum speed limit, and driving while operating privileges are suspended or revoked] in connection therewith.  On May 6, 1997, [Petitioner] pled guilty to the offenses indicated supra, and, on October 26, 1998, was sentenced to [an aggregate term of not less than eleven months nor more than twenty-four months' imprisonment] . . . . Appellant did not file a timely direct appeal or post-sentence motion; but rather, on August 11, 1999, [Petitioner] filed a motion for leave to file a post-sentence motion *nunc pro tunc*, which was denied by the trial court on August 12, 1999.  On September 9, 1999, Appellant filed a direct appeal with [the Pennsylvania Superior Court which] reversed and remanded for the appointment of counsel and granted [Petitioner's] request to file a post-sentence motion *nunc pro tunc.*
> Following the appointment of counsel, [Petitioner] filed his post-sentence motion *nunc pro tunc*.  Said motion was denied by the trial court on January 12, 2001.  On January 26, 2001, [Petitioner] filed [an appeal to the Pennsylvania Superior Court], raising the following issues:
>
>> I.  Did the court err when it (a) failed to inform [Petitioner], during the guilty plea colloquy, of the maximum sentence he could receive; (b) did not allow [Petitioner] his right of allocution; (c) relied on an incorrectly calculated prior record score thereby giving [Petitioner] an illegal sentence; and (d) failed to state on the record the reasons for sentencing [Petitioner] outside the guidelines?
>>
>> II.  Was [Petitioner] denied his right to effective representation of counsel guaranteed to him by the U.S. Constitution, 6th Amendment, when his counsel (a) told [Petitioner] to plead guilty when he was

> innocent; (b) failed to assure that [Petitioner] received an adequate plea colloquy that informed [Petitioner] of the maximum sentence; (c) withdrew [Petitioner's] motion to withdraw his guilty plea without his consent; (d) failed to assure that [Petitioner] was allowed his right of allocution; and (e) failed to object to [Petitioner's] incorrectly calculated prior record score?
>
> Following [Petitioner's] January 26, 2001 appeal, [the Superior Court] conducted a review and issued a memorandum decision on November 28, 2001.  In that memorandum, [the Court] noted that [it] could not conduct a meaningful review of some of the issues raised by [Petitioner] due to the absence of certain transcripts and documents from the certified record. [The Superior Court] then remanded the case to the trial court for an evidentiary hearing, if necessary, to determine who was responsible for the absence of these items from the certified record.
> On remand, the trial court determined that the absence of these items was attributable to the Clerk of Courts' personnel.  In a January 28, 2002 order (docketed on January 30, 2002), the trial court directed the Clerk of Courts to included these items in the certified record to be transmitted to [the Superior Court.  The Clerk of Courts complied].
>
> (Doc. 21 at 45, Opinion of the Pennsylvania Superior Court dated June 11, 2002).

On review, the Superior Court denied relief to Petitioner and affirmed the judgment of sentence.  The instant habeas petition ensued.

## III.   Discussion

### A.   Scope of Habeas Review.

At the outset, the Court notes that Petitioner had served his sentence prior to the date his appeal was considered by the Pennsylvania Superior Court.  (Doc. 21 at 47.)  However, this Court concludes that Petitioner's conviction and sentence have "collateral consequences" which justify review of the merits of Petitioner's claims.  *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998).

3

Under the provisions of 28 U.S.C. § 2254, an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in the state court proceedings, unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In regard to the "contrary to" provision contained in Section (d)(1), the Third Circuit Court of Appeals has stated:

> [T]he inquiry must be whether the Supreme Court has established a rule that determines the outcome of the petition. Accordingly, we adopt *O'Brien's* holding that 'to obtain relief at this stage, a habeas petitioner must show that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court.' In other words, it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome.

*Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) referencing *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998). To determine whether the state court judgment involved an "unreasonable application" of clearly established federal law, this Court must determine:

4

> "whether the state court's application of Supreme Court precedent was objectively unreasonable. The federal habeas court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent . . . . The primary significance of the phrase 'as determined by the Supreme Court of the United States' is that federal courts may not grant habeas corpus relief based on the state court's failure to adhere to the precedent of a lower federal court on an issue that the Supreme Court has not addressed. Thus in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent."

*Matteo*, 171 F.3d at 889-890.

Further, the Court notes that under the AEDPA, factual determinations made by the state courts are presumed correct, and it is the Petitioner's burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254 (e)(1). "[T]he factual conclusions which the federal habeas courts [are] bound to respect in assessing respondent's constitutional claims [are] . . . the finding[s] of the trial court . . . and the inferences fairly deducible from those facts." *Marshall v. Lonberger*, 459 U.S. 422, 435 (1983). Following this precedent, the Third Circuit Court of Appeals has held that the same presumption of correctness provided to express findings of the state court must also be provided to the state court's implicit factual findings. *See Campbell v. Vaughn*, 209 F.3d 280, 285-86 (3d Cir. 2000). In the context of the foregoing, the Court will review the issues raised in the instant petition.

Petitioner first claims that: (a) trial counsel was ineffective for unlawfully inducing Petitioner to enter a guilty plea, and (b) his plea colloquy was deficient. Specifically, Petitioner claims that he pled guilty on May 6, 1997 because his attorney "was not ready for

trial and instructed petitioner to plead guilty as a means of getting a continuance . . . [and] the court failed to inform petitioner [during the colloquy] of the maximum sentence he could receive." (Doc. 1 at 4.)

### B. Ineffective Assistance of Counsel.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the controlling United States Supreme Court case on the issue of ineffectiveness of counsel, the Court determined that the proper standard for attorney performance is that of reasonably effective assistance. *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*. at 689 (citations omitted). To succeed, Petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) as a result of counsel's error(s), Petitioner suffered prejudice. *Id*. at 687-688, 694. To establish prejudice, Petitioner must demonstrate that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.

### C. Unlawfully Induced Guilty Plea.

Although most ineffective assistance claims arise from counsel's performance in trial or on appeal, the principles set forth in *Strickland* also apply to counsel's performance in the context of a guilty plea. *Weeks v. Snyder*, 219 F.3d 245, 257 (3d Cir. 2000). While the standard for deficient performance remains the same, "in a guilty plea case the standard for prejudice 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). To

establish prejudice, Petitioner must demonstrate a "reasonable probability that, but for the counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Id.*

Although Petitioner claims that counsel told him to plead guilty to obtain a continuance, Petitioner does not reference any evidence in the record, nor is the Court aware of any, that supports this assertion. To the contrary, the Pennsylvania Superior Court noted that Petitioner testified during his plea colloquy that he chose to plead guilty "because he was indeed guilty . . . [and] that his plea was voluntarily made and not the result of coercion . . . ." (Doc. 21 at 58-59; *see* Doc. 19 at 12-14.) After review of the record, the Court cannot conclude that the state court's determination was erroneous, and counsel's representation fell below an objectively reasonable standard. Petitioner has not established that the state court conclusions resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States. Nor has he established that the proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. To the contrary, there is ample evidence in the record to support the state courts' conclusion. Consequently, the petition will be denied as to this claim.

**D.    Inadequate Plea Colloquy.**

A trial judge has an affirmative duty to establish that a plea is intelligent and voluntary, and is not the product of ignorance or coercion. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Most judges utilize a plea colloquy to assure the intelligent voluntary nature of a plea. The colloquy is conducted under oath and on the record, in the presence

of the judge, the defendant and counsel.  At a minimum, the colloquy establishes that the defendant understands the right to a jury trial, the nature of the offense(s) for which he is charged, and the permissible sentence range for the offense(s).  *Id.* at 245, n.7.

In the instant case, the trial judge conducted a colloquy prior to acceptance of Petitioner's plea, and the only issue with the sufficiency of the colloquy is the failure of the court to advise Petitioner "of the permissible range of sentences he could receive."  (Doc. 21 at 50.)  However, the Superior Court concluded that Petitioner failed to show prejudice, since his sentence fell within the permissible range.  This Court agrees.  The sentencing court informed Petitioner that "if you are convicted of a misdemeanor . . . the maximum penalty can only be no more than two years . . . ."  (Doc. 19 at 10.)  During the colloquy, Petitioner was informed of the nature of the charges (*Id*. at 13-14), there was a factual basis established for the plea (*Id*.), Petitioner was informed of the right to jury trial (*Id*. at 8-9), the presumption of innocence (*Id*. at 8), he had the right to remain silent (*Id*. at 7), and that the judge was not bound by the terms of the agreement (*Id*. at 11-12).  Petitioner confirmed that he understood the charges (*Id*. at 14), that his plea was voluntary and uncoerced (*Id*. at 12), and at all times he had satisfactory representation of counsel (*Id*. at 13.)  Moreover, the "'ritual of the colloquy is but a means toward determining whether the plea was voluntary and knowing' and that 'the failure to specifically articulate the *Boykin* rights does not carry the day . . . if the circumstances otherwise establish the plea was constitutionally acceptable.'" *Layne v. Moore*, 90 Fed. Appx. 418, 422 (3d Cir. 2004) (quoting *U.S. v. Stewart*, 977 F.2d 81, 84-85 (3d Cir. 1992)).  As previously noted, Petitioner testified during the colloquy that he was entering the plea because he was indeed guilty.

8

Upon review of the record, this Court is unable to conclude that the state court's determination was erroneous, and Petitioner's plea was not knowingly and voluntarily entered. The Petitioner has not established that the state court conclusions resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States. Nor has he established that the proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Consequently, the petition will be denied as to this claim.

### E.     **Unauthorized Withdrawal of Plea Challenge.**

Petitioner next argues that he had filed a motion to withdraw his guilty plea, and counsel withdrew the motion without Petitioner's consent. The contention is unsupported by the record. To the contrary, the record supports a conclusion that when Petitioner appeared with counsel at the hearing scheduled by the Court to address Petitioner's *pro se* motion to withdraw his guilty plea, his counsel negotiated a more favorable plea for Petitioner which prompted withdrawal of the pending motion. (Doc. 21 at 12.) Again, Petitioner has failed to demonstrate that the state court conclusions resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, and he has failed to establish that the proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Consequently, the petition will be denied as to this claim as well.

### F.     **Illegally Obtained Evidence.**

9

Petitioner's third ground for relief is based upon a contention that Petitioner was illegally arrested by Pennsylvania State Police in the State of New Jersey and, therefore, any evidence obtained pursuant to the unlawful arrest should have been excluded from his trial.  On this argument, Respondents argue that Petitioner was arrested by New Jersey police, rather than Pennsylvania authorities, and his claim is without merit.  Petitioner concedes this in his traverse.  (Doc. 20 at 9; "petitioner was charged . . . by the New Jersey State Police . . . [and held] until the Pennsylvania State Police picked him up . . . .")  Thus, this claim will also be denied.

### G.  Untimeliness of Petitioner's Appellate Brief.

Petitioner's final argument is that appellate counsel rendered misinformation to Petitioner as to a *pro se* course of action with the Superior Court, and by following this advise Petitioner's brief to the Supreme Court was untimely.  Specifically, he asserts that appellate counsel "incorrectly instructed petitioner to file a pro se motion for an extension of time of time . . . in the Superior Court . . . [and this] incorrect advise made petitioner's brief to the Supreme Court of Pennsylvania untimely." (Doc. 1 at 6.)  Again, Petitioner has failed to point to evidence in the record to support this contention, and the Court is unaware of any support for this bald assertion.  Thus, the claim will be denied.

### H.  Summary Judgment.

Based upon the foregoing analysis, Petitioner's motion for summary judgment will be denied. An appropriate Order follows.


Dated: July 28, 2006.                    /s/ A. Richard Caputo
                                         A. RICHARD CAPUTO
                                         United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DONALD W. MARVIN,**                :
                                     :
                                     :
   **Petitioner,**                   :   **CIVIL NO. 3:CV-03-0956**
                                     :
   **v.**                            :   **(JUDGE CAPUTO)**
                                     :
**FREDERICK MENIFEE, et al.,**       :
                                     :
   **Respondents.**                  :

# O R D E R

**AND NOW, THIS 28th DAY OF JULY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**;

2. Petitioner's motion for summary judgment (Doc. 28) is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case;

4. There exists no basis for the issuance of a Certificate of Appealability.

      /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge